**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT SINGER, *individually and as administrator of the Estate of Gloria A. Singer (Deceased)*,<br><br>Plaintiff,<br><br>v.<br><br>MONTEFIORE, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-2102<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Thomas M. Parker |
| STEVEN ROSS, *individually and as EXECUTOR of the Estate of Devorah Bette Ross (Deceased)*<br><br>Plaintiff,<br><br>v.<br><br>MONTEFIORE, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-2103<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>William H. Baughman, Jr. |
| ROBYN FINKENTHAL KULBARSH, *as administrator of the Estate of Marlene S. Finkenthal (Deceased)*,<br><br>Plaintiff,<br><br>v.<br><br>MONTEFIORE, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-2105<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge David A. Ruiz |

| | | |
|---|---|---|
| ESTATE OF CAROL KENNEY, *administrator of the Estate of Carrol Kenney (Deceased) on behalf of* Nicholas Laudato,<br><br>Plaintiff,<br><br>v.<br><br>MONTEFIORE HOME, *et al.*,<br><br>Defendants. | ) | Case No. 1:21-cv-2106<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jonathan D. Greenberg |
| ESTATE OF CARROL KENNEY, *administrator of the Estate of Carrol Kenney (Deceased) on behalf of* Nicholas Laudato<br><br>Plaintiff,<br><br>v.<br><br>MONTEFIORE HOME, *et al.*<br><br>Defendants. | ) | Case No. 1:21-cv-2120<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge David A. Ruiz |

## OPINION AND ORDER

The Court held a status conference by telephone on November 9, 2021. The following attended:

Kenneth P. Abbarno on behalf of Plaintiffs Robert Singer and Steven Ross.

David A. Kulwiki and Howard D. Mishkind on behalf of Plaintiff Robyn Finkenthal Kulbarsh.

Allen C. Tittle on behalf of Plaintiffs Estate of Carol Kenney and the Estate of Carrol Kenney.

Joseph F. Petros on behalf of Defendants Montefiore, Montefiore Foundation, Montefiore Home, Montefiore Housing Corporation, Menorah Park Foundation, Montefiore of Menorah Park, Menorah Park Foundation Bet Moshav Zekenim Hadati, and Menorah Park Center for Senior Living.

Matthew D. Gurbach for Defendant Ariel Hyman.

Defendants Tina King and Marie Gelle did not appear, but are in the process of retaining counsel.

The parties discussed the background of each respective case, identifying several common questions of fact and law. The parties discussed whether these cases and others recently removed or about to be removed should be designated as related cases under the Local Rules. The Court directed the parties to seek related-case status pursuant to Local Rule 3.1(b)(3) expeditiously if they wish. Plaintiffs represented that they intend to move to remand.

Based on these discussions, the Court **ORDERS** the following:

## I. Consolidation

Under Rule 42(a), a court is permitted to consolidate actions which involve common questions of law or fact. Fed. R. Civ. P. 42(a)(2). At this stage of the proceedings, it is premature to consider consolidation of the cases for trial. However, because the cases involve common factual and legal questions and the same Defendants, obvious efficiencies present themselves in terms of consolidating the cases for pretrial case management. During the status conference on November 9, 2021, no party opposed consolidation for this purpose. The Court agrees that consolidation of these actions is appropriate, at least for the moment. Each raises

common questions of law and fact, and consolidation will serve judicial economy, mitigate delay, and avoid duplicative costs. Accordingly, under Rule 42(a), the Court consolidates each of the cases identified in the caption of this Order into the case with the lowest number: *Singer v. Montefiore*, No. 1:21-cv-2102. The Court will refer to the earlier-filed docket in resolving the remaining issues, unless otherwise indicated, and the Court directs the parties to make all filings relating to any of these individual actions on the docket in *Singer* and in the individual case to which the filing applies.

## II. Stay

Plaintiffs' counsel represent that they each intend to move to remand. Based on that representation and in the interest of judicial economy, the Court stays all deadlines for answers, Rule 12 motions, amendments, and discovery (with the exception of Plaintiffs' medical records).

## III. Briefing Schedule

In addition, the Court sets the following briefing schedule:

| | |
|---|---|
| Plaintiffs' combined motion to remand | November 24, 2021 |
| Defendants' combined response | December 6, 2021 |
| Plaintiffs' combined reply | December 15 |

Plaintiffs' motion and Defendants' opposition shall be no more than 20 pages, respectively. Plaintiffs' reply shall be no more than 10 pages.

Additionally, the Court **ORDERS** that Plaintiffs and Defendants collectively may file only a single memorandum per side addressing the issue of remand. A party may note in the memorandum that it is not joining a particular argument.

The Court will set a schedule for amending the pleadings, if necessary, after ruling on the motion to remand.

## CONCLUSION

The Court **CONSOLIDATES** the above-captioned matters. The Court **STAYS** all deadlines for answers, Rule 12 motions, amendments and **STAYS** all discovery, except as stated above, and **ORDERS** briefing on Plaintiffs' motion to remand as set forth above.

**SO ORDERED.**

Dated: November 9, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio